AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern District of New York

Jesus Abraham, Individually and on Behalf of All
Other Persons Similarly Situated

V.

Moshe Harizy d/b/a Alibaba Restaurant

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: 08 CV 6603

JUDGE LYNCH

TO: (Name and address of Defendant)

Moshe Harizy, Alibaba Restaurant, 515 Amsterdam Avenue, New York,
New York, 10024

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Jeffrey M. Gottlieb, Esq., Gottlieb & Associates, 150 East 18th Street,
Suite PHR, New York, New York, 10003

an answer to the complaint which is served on you with this summons, within ___30___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

CLERK

_Catherine Lapsley_

(By) DEPUTY CLERK

JUL 2 4 2008

DATE

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
              Date

                                           _____
                                              *Signature of Server*

                                           _____
                                             *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

**JUDGE LYNCH**

**08 CV 6603**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

JESUS ABRAHAM, Individually and on Behalf
of All Other Persons Similarly Situated,

ECF 2008 Civ:_____

Plaintiffs,

-against-

Complaint and
Demand for Jury Trial

MOSHE HARIZY d/b/a ALIBABA RESTAURANT
Defendant.
-------------------------------------------------------------X

RECEIVED
JUL 24 2008
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiff, through his attorneys, complaining of Defendant, alleges as follows:

### NATURE OF THE ACTION

1.  Plaintiff alleges, on behalf of himself and other similarly situated current and former employees of the Defendant who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid minimum and overtime wages from Defendants for overtime work for which they did not receive overtime premium pay, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 et seq.

2. Plaintiff further complains on behalf of himself that he is entitled to back wages from Defendants for unpaid minimum wages and for overtime work for which he did not receive overtime premium pay as required by New York Labor Law §§ 650 et seq., including Part 142, § 142-2.2 ("Overtime Rate") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law).

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the claims in this action pursuant to the provisions of 28 U.S.C. §§ 1331, 1337 and 1343, and supplemental

jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, this Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as the Defendant's principal place of business is in this district.

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6. Plaintiff Jesus Abraham ("Abraham"), at all relevant times, resided in New York, New York.

7. Upon information and belief, Defendant, Moshe Harizy ("Harizy") owns and operates the Alibaba restaurant.

8. Upon information and belief, Harizy maintains his principal place of business at 515 Amsterdam Avenue, New York, New York, 10024.

9. Upon information and belief, Harizy resides at 165 West 83rd Street, New York, New York, 10024.

## COLLECTIVE ACTION ALLEGATIONS

10. Pursuant to 29 U.S.C. § 207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants at any time since July 22, 2005 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who did not receive minimum wages as well as compensation for overtime at rates not less than one-half times the regular rate of pay for hours worked in excess of

forty hours per workweek (the "Collective Action Members").

11. This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are over 30 Collective Action Members during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

12. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that are experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

13. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

14. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendant has acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

(a) whether the Defendant employed the Collective Action Members within the meaning of the FSLA;

(b) what proof of hours worked is sufficient where the employer fails in its duty to maintain records;

(c) whether Defendant failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiffs are employed, in violation of 29 C.F.R. § 516.4;

(d) whether Defendant failed to pay the Collective Action Members minimum wages and/or overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

(e) whether Defendant's violations of the FLSA are willful as that term is used within the context of the FLSA;

(f) whether Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

(g) whether Defendant should be enjoined from such violations of the FLSA in the future.

15. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## STATEMENT OF THE FACTS

16. Abraham was employed by Defendant from on or about January, 2007 until on or about June, 2008 (the "time period").

17. Abraham was a kitchen helper for Defendant at Defendant's restaurant in New York, New York.

18. Plaintiffs often worked in excess of 40 hours a week, yet the Defendant willfully failed to pay them minimum wages as well as overtime compensation of one and one-half times their regular hourly rate, in violation of the FLSA and the New York Labor Law. As stated, the exact number of such individuals is presently unknown, but within the sole knowledge of the Defendant and can be ascertained through appropriate discovery.

19. Plaintiff's work was performed in the normal course of the Defendant's business and was integrated into the business of Defendant.

20. Plaintiff's duties did not include managerial responsibilities or the exercise of independent judgment.

21. Throughout that time and, upon information belief, both before that time and continuing until today, the Defendant has likewise employed other individuals, like the Plaintiffs (the Collective Action Members) in positions that required little skill and no capital investment and their duties and responsibilities did not include any managerial responsibilities or the exercise of independent judgment. They do not have the authority to hire or fire other employees, and they are not responsible for making hiring and firing recommendations.

22. Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff's own employment, the course of the Collective Action Period, the Defendant failed to maintain accurate and sufficient time records.

23. Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff's own employment, while Defendant employed Plaintiff and the Collective Action Members failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

### FIRST CLAIM FOR RELIEF
### FAIR LABOR STANDARDS ACT

24. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

25. At all relevant times, Defendant has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a).

26. At all relevant times, Defendant employed and/or continues to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

27. Upon information and belief, at all relevant times, Defendant has had gross annual revenues in excess of $500,000.

28. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent is attached hereto and incorporated by reference.

29. At all relevant times, the Defendant had a policy and practice of refusing to pay minimum wages as well as overtime compensation to its employees for their hours worked in excess of forty hours per workweek.

30. As a result of the Defendant's willful failure to compensate its employees, including Plaintiff and the Collective Action Members, minimum wages and for overtime at a rate not less than one and one-half times the regular rate of pay for work performed

in excess of forty hours in a workweek, the Defendant has violated and continues to violate the FSLA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

31. As a result of Defendant's failure to record, report, credit, and/or compensate its employees, including Plaintiff and the Collective Action Members, Defendant has failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FSLA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

32. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

33. Due to Defendant's FLSA violations, Plaintiff, on behalf of himself and the Collective Action Members, are entitled to recover from Defendant, their unpaid minimum wages and/or overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

### SECOND CLAIM FOR RELIEF
### NEW YORK STATE LABOR LAW

34. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

35. At all relevant times, Plaintiff was employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651.

36. Defendant willfully violated Plaintiff's rights by failing to pay minimum wages and/or overtime compensation at rates not less than one and one-half times the

regular rate of pay for each hour worked in excess of forty hours in a workweek in violation of the New York Labor Law and its regulations.

37. Defendant's New York Labor Law violations have caused Plaintiff irreparable harm for which there is no adequate remedy at law.

38. Due to Defendant's New York Labor Law violations, Plaintiff is entitled to recover from Defendant his unpaid minimum wages and/or overtime compensation and damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of the action and liquidated damages, pursuant to New York Labor Law § 663(1).

## PRAYER FOR RELIEF

WHEREFORE Plaintiff on behalf of himself and all other similarly situated, Collective Action Members, respectfully requests that this Court grant the following relief:

(a)  Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FSLA Opt-In-Class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiff and Plaintiff's counsel to represent the Collective Action Members.

(b)  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

(c)   An injunction against the Defendant and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

(d)   An award of unpaid minimum wages and/or overtime compensation due under the FLSA and the New York Labor Law;

(e)   An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay minimum wages and/or overtime compensation pursuant to 29 U.S.C. § 216 and New York Labor Law § 663(1);

(f)   An award of prejudgment and post judgment interest;

(g)   An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

(h)   Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: New York, New York
       July 22, 2008

GOTTLIEB & ASSOCIATES

_____
Jeffrey M. Gottlieb, Esq. (JG-7905)
Attorneys for Plaintiff, Individually,
and on Behalf of All Other Persons Similarly Situated

Gottlieb & Associates
Jeffrey M. Gottlieb, Esq. (JG-7905)
Dana L. Gottlieb, Esq. (DG-6151)
150 East 18th Street
Suite PHR
New York, New York 10003
Tel: (212) 228-9795

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of _Moshe Harizy d/b/a Alibaba_ to pay me overtime wages as required under state and/or federal law and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_____   07.15.08   _____
Signature                    Date      Print Name